UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JIM R. HARRIS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00005-SRC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Memorandum and Order**

Self-represented Petitioner Jim R. Harris, Jr. initiated this suit by filing a document titled

"Habeas Corpus Petition Pursuant to 28 U.S.C.A. § 2241 Nunc Pro Tunc U.S.C.S. § 3621."

Doc. 1.  Harris is currently serving a state-court sentence at a Missouri facility, Southeast

Correctional Center.  He has a pending federal sentence that he has not yet begun serving.  Harris

seeks an order designating Southeast Correctional Center "as the place to serve his federal

sentence."  *Id.* at p. 1.

Rule 4 of the Rules Governing Habeas Corpus Cases in the United States District Courts

provides that a district court shall summarily dismiss a habeas petition if it plainly appears that

the petitioner is not entitled to relief.[1]  As set forth in detail below, because the Court determines

that Harris is plainly not entitled to relief, the Court dismisses Harris's petition with prejudice.

---

[1] Rule 4 of the Rules Governing § 2254 Cases also applies to habeas petitions arising under 28 U.S.C. § 2241.  *See* Rule l(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule l(a)").

I.      **Background**

Independent review of Harris's criminal background on Missouri Case.net, the State of

Missouri's online docketing system,[2] shows that Harris was charged in a Missouri court with

first degree assault in March 2010.  *State v. Harris*, No. 10SO-CR00219-01 (33rd Jud. Cir.

information filed Mar. 29, 2010).  Harris was charged a few months later with federal charges of

interfering with commerce by threat or violence, possession of a firearm in furtherance of a

crime of violence, and felon in possession of ammunition.  *United States v. Harris*, No. 1:10-cr-

00072-SNLJ, Doc. 1 (E.D. Mo. Apr. 15, 2010).  In December 2011, Harris pled guilty to the

three federal charges, and in May 2012, Harris was sentenced to a total term of 300 months

imprisonment on the federal charges.  *Id.* at Docs. 155 & 185.  The sentencing judgment issued

on the federal charges did not mention the pending state-court charge.  *Id.* at Doc. 185.

A few months after federal sentencing, Harris entered an *Alford* plea on the pending

state-court assault charge.  *Harris*, No. 10SO-CR00219-01 (plea and sentence entered July 12,

2012).  Harris was sentenced by the state court to fifteen years' incarceration with the Missouri

Department of Corrections, "to run concurrent with federal court case."  *Id.*

In April 2013, Harris filed a motion to vacate, set aside, or correct sentence pursuant to

28 U.S.C. § 2255.  *Harris v. U.S.*, No. 1:13-cv-00066-SNLJ, Doc. 1 (E.D. Mo. filed Apr. 29,

2013).  After the Court denied the motion, Harris appealed.  In June 2017, the Eighth Circuit

Court of Appeals granted the government's motion to remand the case for resentencing in light

of a new, retroactively applicable Supreme Court precedent.  *Id.* at Doc. 25.  Harris was

resentenced to a total federal term of 183 months in September 2017.  *Harris*, No. 1:10-cr-

---

[2] The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district courts may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

00072-SNLJ, Doc. 235 (E.D. Mo. issued Sept. 5, 2017).  The amended judgment stated that the federal sentence "shall run consecutive to any and all other sentences imposed including the sentence the defendant is currently serving for the State of Missouri in Docket No. 10SO-CR00219-01."  *Id.* at 2.

Harris appealed his new sentence, challenging the Court's decision that the new federal sentence would run consecutively to the state sentence that he was currently serving.  The Eighth Circuit disagreed with Harris and affirmed the new sentence.  *United States v. Harris*, 738 F. App'x 893 (8th Cir. 2018).  The Eighth Circuit held that the "district court's decision to order that Harris serve his federal sentence consecutively with [sic] this state sentence was not unreasonable" and that the district court "was not bound" by Harris's plea agreement in the state case.  *Id.* at 893–94.

In April 2019, Harris filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, contesting his new federal sentence on the grounds that his confession was tainted and that he was denied the right to represent himself at trial.  *Harris v. United States*, No. 1:19-cv-00053-SNLJ, Doc. 1 (E.D. Mo. filed Apr. 3, 2019).  The motion was denied without an evidentiary hearing in June 2020.  *Id.* at Doc. 36.  Subsequently, the Eighth Circuit Court denied Harris's application for a certificate of appealability and his petition for rehearing en banc.  *Id.* at Docs. 42–43.

## II.     § 2241 Petition

Now before the Court is Harris's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed in January 2022.  Harris's § 2241 petition repeats the same arguments he previously made on direct appeal of his amended judgment, concerning the consecutive nature of his state and federal sentences.  Harris explains that in May 2012, when he was sentenced on the state-

court charge, "a plea agreement was reached with the State to a sentence of 15 years to run concurrent with the federal sentence already handed down." Doc. 1 at p. 2. However, the initial 300-month federal sentence "was silent on the state pending charge of concurrent or consecutive." Later, when Harris was re-sentenced to 183 months in September 2017, "the district court determined that the sentence would run consecutive to the State sentence already . . . imposed by the State." Thus, according to Harris, the consecutive nature of his sentences "violat[es] the State plea agreement." *Id.* Harris also asks the Court "to consider[] and correct the fact that the federal plea agreement and state plea agreement were very much intertwined, and the consecutive federal sentence . . . violate[s] both state and federal plea agreement[s]." *Id.* at p. 3.

Harris is currently serving the 15-year state sentence and has not yet begun serving the 183-month federal sentence. He asks the Court "to designate Southeast Correctional Center . . . a state facility" as the place for him "to serve his federal sentence concurrently with credit for time served." *Id.* at pp. 1, 4.

## III.  Discussion

Harris is essentially requesting that the Court alter his federal sentence so that he can serve the federal sentence concurrently with the state sentence (which he is currently serving). Harris has already made this request of the Court when he was resentenced in September 2017. Harris was denied such relief when the Court ordered that his new sentence run consecutively to the state-court sentence. Harris appealed his new sentence to the Eighth Circuit Court of Appeals, arguing that his consecutive federal sentence was unfairly imposed. The appellate court denied Harris relief. The Court may not grant the relief Harris seeks in his § 2241 petition—the same relief denied him by the Eighth Circuit—based on the same failed arguments.

4

Harris's initial federal sentence was silent as to whether it would be served concurrent with, or consecutive to, his yet-to-be-imposed state sentence. The subsequent state-court sentence stated that the state sentence would run concurrently with the imposed federal sentence. When Harris was resentenced in September 2017, Judge Stephen N. Limbaugh, Jr. clearly stated that the federal sentence would run consecutively to the state-court sentence that Harris is currently serving.

As discussed by the Eighth Court in its affirmance of Harris's new sentence on direct appeal, the "district court was not bound by the [state plea] agreement" when resentencing Harris. *Harris*, 738 F. App'x at 894 (citing *United States v. Sackinger*, 704 F.2d 29, 32 (2d Cir. 1983) (absent participation of federal authorities in state plea bargain, federal court is not bound by terms of plea agreement between defendant and state authorities)). The Eighth Circuit found that when Judge Limbaugh resentenced Harris in September 2017, he considered the relevant sentencing guidelines and acted reasonably within his discretion to impose a consecutive sentence. *Id.* at 893 ("The Guidelines provided that the district court had discretion to impose a consecutive sentence because the [state-court] assault was not relevant conduct to Harris's federal offenses, given that he committed the assault three weeks later at a different location."). Because Harris makes the same argument in his § 2241 petition that has already been considered and denied by the Eighth Circuit Court of Appeals, he is plainly not entitled to relief here.

Further, as discussed above, Harris has already filed a § 2255 motion regarding his amended sentence. *See Harris v. U.S.*, No. 1:19-cv-00053-SNLJ, Doc. 1 (E.D. Mo. filed Apr. 3, 2019). His motion was denied, *id.* at Doc. 36, and the Eighth Circuit denied Harris's application for a certificate of appealability, *id.* at Doc. 43. The Eighth Circuit also denied Harris a

certificate of appealability regarding his motion for leave to file a successive § 2255 motion. *Id.* at Doc. 60; *see* 28 U.S.C. § 2255(h).

Harris cannot attempt to circumvent this requirement for a second § 2255 motion by filing his arguments under § 2241. A petitioner seeking to challenge his sentence or conviction must do so in the sentencing court through a motion brought under 28 U.S.C. § 2255 and cannot use 28 U.S.C. § 2241 to challenge a sentence without first showing that § 2255 would be inadequate or ineffective. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Harris makes no argument here regarding the lack of adequacy or effectiveness of a § 2255 motion. *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (holding that a petitioner is not permitted to circumvent the second or successive petition requirements of § 2255 by simply labeling the petition or motion as a Rule 60(b) motion).

For the reasons discussed above, it plainly appears that Harris is not entitled to relief on his § 2241 petition. The Court therefore must summarily dismiss the petition under Rule 4 of the Rules Governing Habeas Corpus Cases in the United States District Courts.

## IV.    Certificate of Appealability

Finally, the Court does not issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 521–22 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (internal citation omitted). Because Harris has made no such showing, the Court does not issue a certificate of appealability in this matter.

Accordingly,

The Court orders that Jim R. Harris, Jr.'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, is dismissed with prejudice.  A separate Order of Dismissal will accompany this Memorandum and Order.  The Court does not issue a certificate of appealability.

Dated this 26th day of May 2022.

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE